IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRED W. TUCKER, § | | |
| TDCJ NO. 1238167, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | NO. 3:08-CV-1734-K | |
| § | | |
| RICHARD THALER, Director § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.    Procedural Background**

Petitioner challenges his conviction for murder. *State of Texas v. Fred W. Tucker*, No. F03-49612-L (5th Crim. Dist. Ct., Dallas County, Tex., May 14, 2004). Petitioner was convicted by a jury and sentenced to fifty-five years imprisonment.

Petitioner's conviction was affirmed by the Fifth Court of Appeals of Texas on August 26, 2005. *Tucker v. State*, No. 05-04-870-CR (Tex. App. – Dallas, Aug. 26, 2005). A motion for rehearing was denied by the Court of Appeals on December 28, 2005. The Court of

Criminal Appeals refused Mr. Tucker's petition for discretionary review on June 7, 2006. *Tucker v. State*, P.D.R. No. 1626-05.

Petitioner filed an application for a writ of habeas corpus in state court on April 26, 2007. *Ex parte Tucker*, No. 69,639-01 at 2. His petition was denied on May 28, 2008, by the Texas Court of Criminal Appeals.

On August 5, 2008, Petitioner filed the instant petition before the Eastern District of Texas; however, the matter was transferred per request to the Northern District of Texas.

### A. Ground One

Petitioner argues his trial counsel was ineffective for failing to:

1. Review trial records or conduct any pretrial investigations;

2. Object to the court instructing [Petitioner] to walk across the floor in front of the jury;

3. Review the record and expose lies that the state's witnesses were testifying to;

4. Obtain an unedited copy of the video;

5. Prevent Petitioner from being tried and convicted under an indictment obtained by false and perjured testimony.

### B. Ground Two

Petitioner claims Appellate counsel's performance was ineffective because he:

1. Invented false evidence which would indicate that bullets were found in the body of the decedent during the autopsy;

2. Improperly argued on appeal the effects of Eric Mountin's closing argument upon the jury; and

3. Failed to guide the court's attention to the evidence of Petitioner's appearance on the morning of the murder.

### C. Ground Three

Petitioner claims he was denied his right to due process and a fair trial because, during voir dire, his counsel discovered at least two potential jurors who stated that because of their personal beliefs, they could not give probation to a person convicted of murder.

## II. Factual Background

Taken from the Court of Appeals decision entered on August 26, 2005, the factual background is as follows:

> Tucker and his family rented a home owned by Scarlata. Scarlata also owned and operated a dry-cleaning business under the name Custom Cleaners. The business's plant and Scarlata's office were located at the Custom Cleaners store on Greenville Avenue in Dallas. On March 19, 2003, at approximately four o'clock in the morning, Scarlata arrived at the Greenville store. A video surveillance tape from that morning recorded Scarlata walking out of the store – and then out of view of the camera – shortly after four thirty. Seconds later, the tape recorded the sound of three gunshots. Then, the tape recorded images of a second man: this man came into view of the camera holding a gun and pointing it downward; he then moved away from the camera, got into a light-colored car, and drove away. Scarlata's body was discovered by one of his employees, Curtis McDowell, who arrived for work just minutes later and called 911. The Dallas police responded and began to investigate the crime. A second employee, Gloria Vega, arrived on the scene after being notified by McDowell of the shooting.

Vega assisted the police in operating the surveillance video equipment in Scarlata's office; as she played the tape for police officers, she identified the man with the gun as Tucker. Police arrested Tucker and searched his home and vehicles. Tucker's case was tried to a jury, which found him guilty and assessed his punishment at fifty-five years' confinement.

*Tucker*, No. 05-04-870-CR at 1.

## III. Discussion

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently
**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -4-

from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059 (1997). The petition in this case is subject to review under the AEDPA.

### 2.     **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant

must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"
*Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

    **A.**    **Trial Counsel**

    1.    Petitioner argues his counsel was ineffective for failing to investigate and review trial records, and meet with Petitioner prior to trial. These are conclusory allegations. There is nothing in the record to support Petitioner's assertions that additional investigation would have convinced counsel to prepare differently, or led to the production of admissible evidence. Trial counsel, Mr. Scotty Allen, submitted an affidavit in which Mr. Allen indicated that he conducted an extensive investigation and reviewed the transcript of a former trial that had resulted in a mistrial. A review of the record and the trial transcript indicates that counsel presented witnesses who testified. This court would recommend affirming the Texas Court of Criminal Appeals decision that Tucker did not receive ineffective assistance of counsel.

    2.    Petitioner complains that his counsel failed to object to the court instructing Petitioner to walk across the floor in front of the jury. The trial court properly ordered this because the perpetrator's walk was an issue at trial. This was admissible, demonstrative physical evidence which did not violate Mr. Tucker's privilege against self-incrimination as he contends. There was no legal objection that counsel could have made. This claim must fail as well.

    3.    Petitioner complains that counsel failed to expose false testimony of a witness and that he was provided ineffective assistance in this regard. However, this discrepancy in the testimony that Petitioner relies upon would not be material. The alleged discrepancy is between the video tape that depicts a time that the offense occurred and the time of dialing 9-1-1,

or at least the time recorded by the 9-1-1 call. There is no evidence that the timekeeping mechanisms were in sync with each other or that this would affect Petitioner's ability to receive effective assistance of counsel in any way. This claim must also fail.

    4.    Petitioner further objects that counsel failed to review and compare an unedited videotape prior to the trial. Such a review would only go to the weight of the evidence and not its admissibility. The original videotape could have been produced, which would have remedied any defect in the testimony. However, trial counsel's strategic decision not to offer the original was just that, a strategic trial decision by counsel which was not ineffective assistance of counsel.

    5.    Finally, Petitioner complains that counsel was ineffective for failing to object to the indictment being supported by false and perjured testimony. Lack of such an objection is not ineffective assistance of counsel, nor would it be a valid basis for challenging the indictment. The indictment itself is a confirmation upon the court of trial jurisdiction and is not objectionable. Again, this claim must fail as ineffective assistance of counsel.

### B.    Appellate Counsel

The standard of review for ineffective assistance of counsel and the *Strickland* standard is the same for appellate counsel.

Petitioner complains that appellate counsel invented evidence which would indicate that bullets were found in the deceased's body during the autopsy of the deceased. The record, of course, would speak for itself. However, counsel did not make an error in this regard due to the fact that the officer who recovered the spent shell casings at the scene indicated that the wounds were consistent with a nine millimeter weapon, based upon the shell casings found near the

body. Counsel referred to the bullets matching those found in the body of the decedent and the fact that they did not match the shell casings. Though they didn't match specifically, they were consistent with that of a nine millimeter automatic firearm. This was not deficient performance by appellate counsel. Rather, it was based on reasonable deductions from the evidence that was presented. Petitioner also complains that appellate counsel failed to raise a claim regarding the prosecutor's closing remarks. However, counsel's failure to raise this on appeal was counsel's strategy to present the strongest arguments on appeal. This argument was certainly not one of the strongest. The misstatements alleged by the Petitioner were reasonable deductions from the evidence that was presented.

Finally, Petitioner claims that the makeup of the jury deprived him of due process because two veniremen were biased. Both veniremen were rehabilitated and indicated they would follow the law as instructed. There is nothing in the record to demonstrate either venireman was challenged for cause. Counsel's decision to allow the veniremen to stand and not to move to strike them was a trial decision that was not deficient performance.

## **SUMMARY**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a Constitutionally-protected interest. Accordingly, the state court's determination is not contrary to clearly established Federal law.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 16th day of February, 2011.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**<u>Findings, Conclusions and Recommendation</u>**
**<u>of the United States Magistrate Judge</u>**